# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| KEVIN LEE DIXIE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:14-CV-73-TLS |
| JEFF SHRIMPUS, Officer in Charge of Sex Offender Registry, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This cause is before the Court upon Plaintiff Kevin Lee Dixie's Application to Proceed Without Prepayment of Fees and Costs (*in forma pauperis*) [ECF No. 2], filed on March 10, 2014. The Plaintiff also filed a Complaint alleging that Jeff Shrimpus, in his capacity as the Allen County Sheriff's Department officer in charge of sex offender registry, has violated his due process rights and caused him duress by providing information about the Defendant's 1991 sexual battery conviction to the Fort Wayne Housing Authority, despite that fact that the age of the offense did not require him to register as a sex offender.

## DISCUSSION

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts in spite of their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may file an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Here, the Plaintiff reports he is not presently incarcerated and is not currently employed. His only source of income appears to be social security disability benefits of $710 per month. The Plaintiff states that he has no money in his checking and savings accounts and does not own any real estate, stocks, bonds, securities or other financial instruments, or other valuable property. The Plaintiff further states that he has no dependents. Based on the Plaintiff's financial affidavit, the Court is satisfied that he meets the statutory poverty requirements of 28 U.S.C. § 1915(a).

To complete the inquiry, the Court must now look to the sufficiency of the Complaint to determine whether it can be construed as stating a claim that is not frivolous or malicious, upon which relief can be granted, and that does not seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). District courts have the authority under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the pleading on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cf. Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (affirming dismissal of complaint screened under 28 U.S.C. §1915A applying the Rule 12(b)(6) standard).

To state a claim under the federal notice pleading standards, all that a complaint must do

is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (other citation omitted). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). Pro se complaints are construed liberally and held to less-exacting standards than those drafted by counsel. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

Although the Plaintiff does not specifically refer to 42 U.S.C. § 1983, he has filed his Complaint on a form designated for claims under 42 U.S.C. § 1983 and refers to a violation of his due process rights. To state a claim for relief under 42 U.S.C. § 1983, the Plaintiff must allege that (1) he was deprived of a right secured by the Constitution or federal law, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Even presuming all well-pleaded allegations to be true and viewing them in the light most favorable to the Plaintiff, and accepting as true all reasonable inferences to be drawn from the allegations, the Plaintiff's factual allegations are not enough to raise the Plaintiff's right to relief above the speculative level.

The Plaintiff alleges that the Defendant, in his position as the officer in charge of the sex offender registry, provided information about the Plaintiff's criminal background to the Fort Wayne Housing Authority (FWHA) in connection with his application to lease an apartment at East Central Tower Apartments. His Complaint does not allege that the information was

inaccurate. Instead, the Plaintiff appears to believe that, because he was not required to register as a sex offender, it was likewise improper for the Defendant to provide any information regarding his sexual battery offense to the FWHA or to East Central Towers. The Plaintiff's Complaint, when read in its entirety, suggests that he is suing over the fact that he was required to participate in an informal hearing to challenge the FWHA's initial determination that he was not eligible to receive housing assistance. According to the Complaint allegations, upon further consideration of his criminal history, East Central Towers accepted him as a tenant, the FWHA subsidized his rent, and he completed a one-year lease.

The Due Process Clause of the Fourteenth Amendment forbids a state from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Procedural due process claims require a two-fold analysis: the court must first determine "whether the plaintiff was deprived of a protected interest;" second, the court "must determine what process is due." *Pugel v. Bd. of Trs. of Univ. of Ill.*, 378 F.3d 659, 662 (7th Cir. 2004); *see also Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010) ("To demonstrate a procedural due process violation of a property right, the plaintiff must establish that there is '(1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process.'" (quoting *Hudson v. City of Chi.*, 374 F.3d 554, 559 (7th Cir. 2004)). The most liberal reading of the Complaint fails to reveal any inference that the Defendant's response to the FWHA violated his rights under the Constitution.

First, when the Defendant provided information about the Plaintiff's criminal history to the FWHA, he did not deprive the Plaintiff of any "interests encompassed by the Fourteenth Amendment's protection of liberty and property" *Bd. of Regents of State Colleges v. Roth*, 408

4

U.S. 564, 569 (1972). The Plaintiff's Complaint does not identify the specific interest implicated in this case, so the Court will consider several possible interests. "It is well-settled that, standing alone, damage to one's reputation does not implicate a cognizable liberty interest." *Dupuy v. Samuels*, 397 F.3d 493, 509 (7th Cir. 2005); *see also Paul v. Davis*, 424 U.S. 693, 701 (1976) (holding that stigma to one's reputation was not entitled to Fourteenth Amendment protection). Even if the Court assumes that the Plaintiff is instead complaining about the impact the Defendant's actions had on his ability to obtain subsidized housing, his claim fares no better. Seventh Circuit precedent is clear that there is no legitimate claim to entitlement to a specific Section 8 residence, such as the East Central Towers. *Fincher v. South Bend Heritage Found.*, 606 F.3d 331, 334–35 (7th Cir. 2010); *Eidson v. Pierce*, 745 F.2d 453, 462 (7th Cir. 1984) (holding that applicants for housing subsidized under Section 8 of the United States Housing Act, 42 U.S.C. § 1437(f), did not have a property interest because the landlords were not constrained by any legal criteria in the tenant selection process); *see also Talley v. Lane*, 13 F.3d 1031, 1035 (7th Cir. 1994) (finding no due process claim when the plaintiff was rejected from the Chicago Housing Authority's housing program for the disabled because of his extensive criminal history). And while the Plaintiff enjoyed a property interest in assistance through the Public Housing program, as opposed to a specific residence of his choice, *see Fincher*, 606 F.3d at 336, he was provided a process through which to challenge the FWHA's initial denial of assistance. Through this process, he obtained the assistance he sought. Indeed, his objection appears to be, not that he was provided the process that was due, but that he was required to go through a process at all. The Plaintiff's factual assertions, therefore, preclude him from proceeding on a claim that he was denied due process. *See Atkins v. City of Chi.*, 631 F.3d 823,

832 (7th Cir. 2011) (a plaintiff can plead himself out of court if he pleads facts that show he has no legal claim).

Further, as it relates to the individual Defendant the Plaintiff has directed his claim against in this litigation, the Plaintiff has not alleged a plausible claim because the Defendant was merely relaying facts that had already been established through the due process provided by the criminal justice system. Therefore, any "injury" the Plaintiff suffered by having this information shared with the FWHA was the result of his own criminal actions, and the Plaintiff cannot attribute any loss of a protectable interest related to these convictions to the Defendant.

The pleaded factual content of the Complaint does not allow the Court to draw the reasonable inference that the Defendant is liable for violating the Plaintiff's due process rights. Because the Complaint does not state a claim upon which relief can be granted, the Court must deny the application to proceed *in forma pauperis* and dismiss the Complaint. However, because plaintiffs generally may amend their complaints once as a matter of course before an answer has been filed, even after a court grants a motion to dismiss, *See* Fed. R. Civ. P. 15(a)(1)(B), and pro se litigants seeking *in forma pauperis* status enjoy this same right, *see Luevano v. Wal-Mart Stores., Inc.*, 722 F.3d 1014, 1022–23 (7th Cir. 2013), the Court's dismissal is without prejudice to filing an amended pleading. The Court is not convinced that the Plaintiff could offer any amendments consistent with the current allegations that would render a claim plausible, but the Court is not prepared to rule that the deficiencies in the current Complaint are incurable. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("Generally, if a district court dismisses for failure to state a claim, the court should give the party one opportunity to try to cure the problem, even if the court is skeptical about the prospects for success.").

**CONCLUSION**

For the reasons stated above, the Court DENIES the Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (*in forma pauperis*) [ECF No. 2], and DISMISSES the Plaintiff's Complaint WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. The Plaintiff is GRANTED until April 14, 2014, to file an amended complaint. If the Plaintiff fails to respond by that date, the Court will direct the entry of judgment dismissing the entire case.

SO ORDERED on March 24, 2014.

                                                    s/ Theresa L. Springmann
                                                    THERESA L. SPRINGMANN
                                                    UNITED STATES DISTRICT COURT
                                                    FORT WAYNE DIVISION